Alex Asil Mashiri, Esq. (SBN 283798)
**MASHIRI LAW FIRM**
A Professional Corporation
11251 Rancho Carmel Drive #500694
San Diego, CA 92150
Phone: (858) 348-4938
Fax: (858) 348-4939

Attorney for Plaintiff:
JUSTIN HASKELL

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUSTIN HASKELL<br><br>Plaintiff,<br><br>v.<br><br>COLLECTION CONSULTANTS OF CALIFORNIA<br><br>Defendant. | Case No. '16CV2796 LAB KSC<br><br>**COMPLAINT FOR DAMAGES**<br><br>**[DEMAND FOR JURY TRIAL]** |

Plaintiff JUSTIN HASKELL alleges as follows:

## INTRODUCTION

1. Plaintiff JUSTIN HASKELL (hereinafter referred to as "Plaintiff"), brings this lawsuit against COLLECTION CONSULTANTS OF CALIFORNIA (hereinafter "Defendant") for violations of the Federal Fair Debt Collection Practices Act ("FDCPA"), the Rosenthal Fair Debt Collections Practice Act ("Rosenthal FDCPA"), and the Credit Repair Organizations Act ("CROA").

2. Plaintiff seeks actual damages, statutory damages, attorneys' fees and costs, and other relief the Court deems appropriate.

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

## PARTIES

3. Plaintiff is, and at all times mentioned herein was, an individual, residing in the County of San Diego, State of California.

4. Plaintiff is a "consumer" as defined by 15 U.S.C. section 1692a(3) and 15 U.S.C. section 1679a(1) and a "debtor" as the term is defined by California Civil Code section 1788.2(h).

5. Plaintiff is informed and believes, and thereupon alleges, that Defendant is, and at all times mentioned herein was, a corporation, who was conducting and engaging in business in the County of San Diego, California.

6. Plaintiff is informed and believes, and thereupon alleges, that Defendant uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. section 1692a(6).

7. Plaintiff is informed and believes, and thereupon alleges that Defendant is a debt collector as defined under Civil Code section 1788.2(c).

8. Defendant attempted to collect a consumer debt as defined under the FDCPA and Rosenthal FDCPA.

9. Defendant is a "Credit Repair Organization" as the term is defined under 15 U.S.C. section 1679a(3).

10. Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned each of the Defendant was the agent, servant, employee, or partner of each of the remaining defendants and, in committing the acts and omissions hereinafter alleged, was acting within the course and scope of such agency, employment, partnership, or other business relationship, and were each responsible for the acts and omissions alleged in this complaint.

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

## JURISDICTION AND VENUE

11. This Court has jurisdiction under 15 U.S.C. section 1692k(d), 28 U.S.C. section 1331, and 28 U.S.C. section 1367 for supplemental state claims.

12. This action arises out of violations of the FDCPA, the CROA and the Rosenthal FDCPA. Personal jurisdiction is established, because Defendant does business within the State of California, County of San Diego.

13. Venue is proper pursuant to 28 U.S.C. section 1391.

## RELEVANT FACTS

14. Between 2011 and 2013, Plaintiff received medical treatments with Kaiser Permanente. After Plaintiff allegedly failed to pay the outstanding balance on his medical bills, the account was transferred to Defendant for collection.

15. According to Defendant, Plaintiff owed $2,323.12. This balance consisted of $1,760.82 in principal and $562.30 in interest.

16. Plaintiff and Defendant subsequently entered into an agreement, in which Defendant would accept a payment of $1,760.82 to satisfy the debt in full and instruct the credit bureaus to delete all credit reporting as to Plaintiff's account, if the payment of $1,760.82 was received on or before January 19, 2016.

17. On or about January 12, 2016, Defendant provided Plaintiff with a written correspondence confirming the parties' agreement. A copy of the January 12, 2016 written confirmation is attached hereto as **Exhibit 1**, and is incorporated herein by reference.

18. Plaintiff entered into this agreement because Defendant had promised to instruct the credit bureaus to delete all reporting of his account. This was a material part of the agreement.

19. On January 12, 2016, Defendant charged Plaintiff's credit card in the amount of $600.82 and in the amount of $1,160.82. The total amount charged on

January 12, 2016 was $1,761.64, which is more than what Plaintiff was required to pay pursuant to the parties' agreement.

20. On June 16, 2016, Plaintiff pulled his credit report with Equifax, Experian, and Transunion, and discovered that Defendant never deleted the account. Instead, the reporting of the account stated that there was a balance of $0 as of February 2016. However, contrary to the parties' agreement, the account was still on Plaintiff's credit report and was considered derogatory account. Any third party looking at Plaintiff's credit report would see that Plaintiff owed Defendant money at one point and that his account was in collection. This is exactly what Plaintiff wanted to avoid, this is why he entered into the agreement with Defendant so that the account would be deleted from his credit report.

## FIRST CAUSE OF ACTION
## (Violation of the FDCPA against Defendant)

21. Plaintiff re-alleges paragraphs 1 through 20, above, as if fully set forth herein.

### COUNT 1

22. Defendant violated 15 U.S.C. sections 1692e, 1692d, and 1692f by misleading and tricking Plaintiff into believing that it would instruct the credit bureaus to delete all reporting of his account upon receipt of the $1,760.82 payment, when in fact they did not do so.

### COUNT 2

23. Defendant violated 15 U.S.C. sections 1692e, 1692d, and 1692f when it collected more than what it was legally entitled to. Defendant was only entitled to $1,760.82, but collected $1,761.64 from Plaintiff, which is .$82 more than what he owed under the parties' agreement. The fact that the interest charges are minimal does not help Defendant to escape liability. *See e.g. Duffy v. Landberg*, 215 F.3d 871, 875 (8th Cir. 2000); *Sunga v. Broome*, 2010 WL 3198925 at *5 (E.D. Va. 2010) [Collector violated the FDCPA by misstating the amount of the debt by a penny];

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

*Pacheco v. Joseph McMahon Corp*., 2012 WL 774943 at *2 (D. Conn. 2012); *Beeks v. ALS Lien Services*, 2014 WL 7785745 at *9 (C.D. Cal. 2014).

24. As a result of each and every violation of the FDCPA, Plaintiff has suffered actual damages and harm resulting from Defendant's actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, and humiliation, the exact amount of which is to be proven at trial.

25. As a result of each and every violation of the FDCPA, Plaintiff incurred additional actual damages including, but not limited to, transportation and gasoline costs to the law firm, telephone call charges, copies, postage, and other damages.

26. As a result of each and every violation of the FDCPA, Plaintiff is entitled to actual damages pursuant to 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 1692k(a)(2)(A); and reasonably attorneys' fees and costs pursuant to 15 U.S.C. section 1692k(a)(3).

## <u>SECOND CAUSE OF ACTION</u>
## (Violation of the Rosenthal FDCPA against Defendant)

27. Plaintiffs re-allege paragraphs 1 through 26, above, as if fully set forth herein.

28. Any violation of the FDCPA is a violation of California Civil Code section 1788.17, also known as the Rosenthal FDCPA, because section 1788.17 incorporates the FDCPA.

29. Defendants violated Civil Code section 1788.17 because it violated 15 U.S.C. sections 1692d, 1692e, and 1692f.

30. As a result of each and every violation of the Rosenthal FDCPA, Plaintiff has suffered actual damages and harm resulting from Defendants actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, and humiliation, the exact amount of which is to be proven at trial.

31. As a result of each and every violation of the Rosenthal FDCPA, Plaintiff incurred additional actual damages including, but not limited to,

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

transportation and gasoline costs to the law firm, telephone call charges, copies, postage, and other damages.

32. As a result of each and every violation of the Rosenthal FDCPA, Plaintiff is entitled to actual damages pursuant to California Civil Code section 1788.30(a); statutory damages under 1692k(a)(2)(A) which is incorporated by California Civil Code section 1788.17; statutory damages for a knowing or willful violation in the amount of up to $1,000.00 pursuant to California Civil Code section 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code section 1788.30(c).

**<u>THIRD CAUSE OF ACTION</u>**
**(Violation of the CROA Against Defendant)**

33. Plaintiffs re-allege paragraphs 1 through 32, above, as if fully set forth herein.

34. Defendant is a "Credit Repair Organization" as the term is defined under 15 U.S.C. section 1679a(3). Specifically, Defendant represented to Plaintiff that after he makes a payment of $1,760.82, it will instruct the credit bureaus to delete Plaintiff's account, which would improve Plaintiff's credit record, credit history, and/or credit rating, since the negative trade line, showing that Plaintiff was past due on the account, would no longer going to be on his credit report. *See Stout v. FreeScore, LLC*, 743 F.3d 680, 685 (9th Cir. 2014).

**<u>COUNT 1</u>**

35. Defendant violated 15 U.S.C. sections 1679b(3) and 1679b(4) by misleading, deceiving, and tricking Plaintiff into believing that it would instruct the credit bureaus to delete the account upon receipt of the $1,760.82 payment, when in fact it did not do so.

**<u>COUNT 2</u>**

36. Defendant violated 15 U.S.C. section 1679b(b) because it charged a payment of $1,761.64 from Plaintiff, before it agreed to instruct the credit bureaus to

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

delete Plaintiff's account. After taking Plaintiff's money, Defendant never did what it promised to do, that is instruct the credit bureaus to delete Plaintiff's account.

37. As a result of each and every violation of the CROA, Plaintiff has suffered actual damages and harm resulting from Defendant's actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, and humiliation, the exact amount of which is to be proven at trial.

38. As a result of each and every violation of the CROA, Plaintiff incurred additional actual damages including, but not limited to, transportation and gasoline costs to the law firm, telephone call charges, copies, postage, and other damages.

39. As a result of each and every violation of the CROA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. section 1679g(a)(1)(A); reimbursement of the money paid to the Defendant pursuant to 15 U.S.C. section 1679g(a)(1)(B); Punitive damages pursuant to 15 U.S.C. section 1679g(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. section 1679g(a)(3).

## PRAYER FOR DAMAGES AND OTHER REMEDIES

1. For actual damages;
2. For statutory damages;
3. For interest according to law;
4. For attorneys' fees;
5. For costs of suit herein incurred; and
6. For other and further relief as the court may deem proper.

Respectfully Submitted,

DATED: November 14, 2016

**MASHIRI LAW FIRM**
A Professional Corporation

By: /s/ Alex Asil Mashiri
Alex Asil Mashiri
Attorney for Plaintiff,
JUSTIN HASKELL